IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ L. TRAPPS, No. 13392-026, )
)
)
    Petitioner, )
) CIVIL NO. 10-cv-887-DRH
vs. )
)
JAMES CROSS, )
)
    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the revocation of forty-one days of good conduct credits resulting from an April 19, 2010, finding that petitioner possessed a homemade weapon. Petitioner is currently serving a 180-month sentence for possession of crack cocaine and possession of a firearm in conjunction with a drug offense, following his October 24, 2005, guilty plea and conviction in the Central District of Illinois (Case No. 05-cr-10006). In this action, he seeks restoration of his good conduct credit and expungement of the disciplinary ticket.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts

provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* at R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that further review of petitioner's claims is appropriate.

**THE COMPLAINT**

On January 6, 2010, while petitioner was at his job assignment, his cell was searched and a homemade knife (described as 5.5 inches long, sharpened to a point, with a string wrapped around the other end) was found in a hole in the upper locker. Petitioner shared the three-man cell with one other inmate; the locker where the weapon was found was otherwise empty and was not used by either petitioner or his cellmate. The cell was routinely left unlocked from 6:15 a.m. to 10:00 p.m. After the knife was found, petitioner was charged with possession of a weapon and sent to segregation. Inmate Bruce McCree was also in segregation; when he learned about the events that led petitioner to be charged with the infraction, McCree confessed that he had placed the knife in the locker to avoid being caught with it. However, he had been unable to retrieve the weapon because he was caught with other contraband soon thereafter and sent to segregation (See Doc. 1, p. 11). McCree informed two staff members of these

facts, but his confession was not further investigated or considered in petitioner's eventual hearing on the charge.

Petitioner denied any knowledge of the weapon, but was found guilty of possession. In addition to revoking forty-one days of good conduct credit, he was given thirty days of disciplinary segregation and nintey days loss of commissary, telephone, and visiting privileges.

## **ANALYSIS**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72; see also *Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

In this case, petitioner was charged with a violation of Code 104, "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition." 28 C.F.R. § 541.13, Table 3. At issue in this case is the definition of possession: is it *knowing* possession, *negligent* possession, or just plain "possession"? In the hearing, the Disciplinary Hearing Officer (DHO) identified no evidence suggesting

that petitioner knew the weapon was in the hole in the locker, and failed to take into account the confession of inmate McCree that he had secreted the weapon there. Instead, the DHO's finding appears to rest on the notion that "since the weapon cannot be attributed to any single person, all individuals assigned to the cell have equal culpability." In her written decision, the DHO stated, "Inmates are responsible for the contents of their cells, and area [sic] expected to keep it clear of any contraband" (Doc. 1, p. 14).

Petitioner argues that this strict liability standard is not supported by the law. As his supporting brief points out, "the definition of a crime embraces some requirement of mens rea." *Morissette v. United States*, 342 U.S. 246 (1952); see also *United States v. Fox*, 845 F.2d 152, 156 (7th Cir. 1988); *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990); *United States v. Kitchen*, 57 F.3d 516, 521 (7th Cir. 1995).

Petitioner's argument is reasonable, and the Court will order further briefing on this matter.

## PENDING MOTIONS

Respondent's second motion to substitute attorney (Doc. 7) is **GRANTED**. Assistant United States Attorney Nathan E. Wyatt is substituted as lead counsel for respondent.

## DISPOSITION

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23)

days of receipt of this application for writ of habeas corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action.
See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 19, 2011

Digitally signed by David R. Herndon
Date: 2011.05.19 11:12:24 -05'00'

**Chief Judge
United States District Court**